UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X
                             :

GIBAM SHOPS, SPA                       :

                            :

                  Plaintiff,   :    **<u>COMPLAINT</u>**

                            :

                            :    JURY TRIAL DEMANDED

             -v-             :

                            :    Index No.

                            :

GRANITI VINCENTIA, LLC, and SRINIVASA RAO   :

KATRAGADDA,                      :

                            :

               Defendants.  :

                            :
---------------------------------------------------------------------------X

      Plaintiff, GIBAM SHOPS SPA ("Gibam"), through his attorneys, Rivkin Law Group pllc,

48 Wall Street, Suite 1100, New York, New York, as and for its Complaint against Defendants

GRANITI VINCENTIA, LLC ("Graniti"), and SRINIVASA RAO KATRAGADDA

("Katragadda"), alleges as follows:

<b><u>PARTIES, JURISDICTION AND VENUE</u></b>

      1.     Plaintiff is a corporation formed and existing under the laws of the Italian

Republic, with its principal place of business in Fano, Province of Pesaro and Urbino, Italy.

      2.     Defendant Graniti is a limited liability company formed and existing under the

laws of the State of Texas, with its principal place of business in Houston, Texas. On

information and belief, all members of Graniti are citizens of one or more of the states of the

United States.

      3.     Defendant Kartagadda is an individual and, upon information and belief, a

citizen and resident of the state of Texas. Kartagadda is the president, and, on information and

belief, owner of Defendant Graniti.

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) (diversity jurisdiction).  The action is between citizens of a foreign state and citizens of a State, and the matter in controversy exceeds $75,000.

5.      Venue is proper in this District, pursuant to the parties' choice of forum provision in their agreement.

## FACTS

6.      Gibam is an Italian company engaged in the design and manufacturing of commercial interiors, furniture manufacturing, technical consultancy, and project management. As a furniture manufacturer, Gibam engineers and manufactures custom-made furniture for hotels, offices, stores, supermarkets, restaurants, and other businesses.  The furniture is manufactured in Gibam's factory in Bellocchi de Fano, Italy, and shipped to its customers world-wide.

7.      Graniti is a company engaged in the business of manufacturing, distribution, sale and promotion of hospitality (hotel) furniture, both directly and indirectly via sub-distributors.

8.      In or about February 2018, Gibam and Graniti entered into a distributorship agreement ("Distributorship Agreement"), pursuant to which Graniti was appointed Gibam's exclusive distributor of hospitality furniture in the United States. The furniture to be supplied by Gibam under the Distribution Agreement included, among others, case goods, wardrobes, headboards, beds, nightstands, desks, tables and cabinets ("Products").  The furniture was designated for Graniti's hospitality customers, including the Marriott family of hotels, Hilton and Holiday Inn.

9.      The initial term of the Distributorship Agreement was through December 31, 2022, renewing thereafter automatically and recurrently for consecutive one-year periods.

10.     Pursuant to the Distributorship Agreement, the initial payment terms for the Products were: 50% of the purchase price at the time of order confirmation; and 50% "cash on delivery against documents."  These terms were subsequently modified by the parties as follows: 50% prior to shipment; 25% within 90 days of delivery; and 25% within 180 days of delivery.

11.     As of about March 2024, Graniti had accumulated an overdue debt to Gibam under the Distributorship Agreement in the amount of $1,196,890.11 ("Past-Due Debt"). Further, as of March 2024, Graniti owed Gibam a further $2,222,387.87, for Products that had been delivered but for which final payment was not yet due ("Outstanding Debt").

12.     Facing a potential exposure between the Past-Due Debt and the Outstanding Debt of almost $3.5 million, Gibam sought assurances and guaranties from Graniti that full payment of both the past-due debt and the outstanding invoices would be made.

13.     After discussions and negotiations, in March 2024, Gibam, Graniti and Katragadda executed an agreement ("March 2024 Agreement"), the purpose of which was "to guarantee the seller the successful completion of the … payments due," by means of, *inter alia*, providing an unequivocal acknowledgment by Graniti and Katragadda of the Past-Due Debt and the Outstanding Debt, setting forth an installment plan designed to bring Graniti current on its obligations under the Distributorship Agreement, and providing Katragadda's personal guaranty of full payment of the Outstanding Debt.

14.     The March 2024 Agreement provided that Graniti will pay the Past-Due Debt by means of two payments, each in the amount of $600,000: the first payment within 30 days of the agreement, and the second payment within 60 days of the agreement.

15.     The March 2024 Agreement further provided that the Outstanding Debt would be paid by means of 12 monthly installments, commencing May 1, 2024, as follows: $185,000 for each of the first eleven months, and $184,277.98 for the last month.

16.     As to Katragadda guarantee of payment, the March 2024 Agreement provided as follows:

> Mr. Srinivasa Katragadda, shareholder and CEO of Graniti, for good and valuable consideration herein acknowledged, personally undertakes the obligation to guarantee full payment of the US 2,219,277.98 as stated herein above (hereinafter the Acknowledged Debt) with his personal assets and as a third party mortgagee on the real estate owned by him … . In case of default by Graniti the Acknowledged Debt is fully and unconditionally payable to GIBAM or its successors or assigns, and Mr. Srinivasa Katragadda shall have no defenses, rights or claims having the purpose or effect of relieving himself from its payment obligations; this Agreement shall be fully enforceable and shall entitle Gibam to collect the whole or part of the outstanding balance payable to Gibam, as well as to create, establish or otherwise obtain any lien, interest, attachment and the like against Mr. Srinivasa Katragadda.

17.     The March 2024 Agreement further provided for payment of legal fees and costs in the event of Graniti's and/or Katragadda's default failure to make one or more of the installment payments.

18.     Graniti made the first two payments for $600,000 each which covered the Past-Due Debt.

19.     Graniti made the first six of the installment payments in the amount of $185,000, from May to October 2024.

20.     As of November 2024, Graniti stopped making installment payments under the March 2024 Agreement, and has failed to make the last six installment payments, in the total amount of $1,109,277.98.

21.     Since the execution of the March 2024 Agreement, Graniti has accumulated a new unpaid and past-due balance for Products delivered by Gibam under the Distributorship Agreement, in the total amount of $1,009,525.90, consisting of the following amounts:

- $53,451.10 – due on 12/31/2024;

- $282,986.30 – due on 1/31/2025;

- $163,535.78 – due on 2/28/2025;

- $230,183.05 – due on 3/31/2025;

- $189,940.59 – due on 4/30/2025; and

- $89,428.80 – due on 5/31/2025.

22.     Further, an amount of $191,929.66 for Products delivered by Gibam since the execution of the March 2024 Agreement is outstanding but not yet due, consisting of the following:

- $152,079.34 – due on 6/30/2025;

- $32,432.39 – due on 7/31/2025;

- $6,856.03 – due on 8/31/2025; and

- $561.90 – due on 9/30/2025.

In the event any portion of these amounts is unpaid and past-due while this action is pending, Gibam seeks judgment for such amount as well.

**FIRST CLAIM FOR RELIED**
**(AGAINST DEFENDANT GRANITI VINCENTIA, LLC**
**FOR BREACH OF DISTRIBUTORSHIP AGREEMENT)**

23.     Plaintiff repeats and realleges the allegations in all prior paragraphs as if fully set forth herein.

24.     The Distributorship Agreement is a valid enforceable contract between Plaintiff and Defendant Graniti.

25.     Plaintiff has performed all material obligations under the Distributorship Agreement.

26.     Defendant Graniti has failed to perform its obligation to pay the full amount due Plaintiff under the Distributorship Agreement.

27.     By failing and refusing to pay the full amount due under the Distributorship Agreement, Defendant Graniti has breached the Distributorship Agreement.

28.     By reason of the foregoing, Plaintiff has been damaged and is entitled to recover from Defendant Graniti an amount to be proven at trial but not less than $2,118,803.88, plus interest thereon.

**SECOND CLAIM FOR RELIEF**
**(AGAINST DEFENDANT GRANITI VINCENTIA, LLC**
**FOR BREACH OF THE MARCH 2024 AGREEMENT)**

29.     Plaintiff repeats and realleges the allegations in all prior paragraphs as if fully set forth herein.

30.     The March 2024 Agreement is a valid enforceable contract between Plaintiff and Defendant Graniti.

31.     Plaintiff has performed all material obligations under the March 2024 Agreement.

32.     Defendant Graniti has failed to perform its obligation to pay the full amount due Plaintiff under the March 2024 Agreement.

33.     By failing and refusing to pay the full amount due under the March 2024 Agreement, Defendant Graniti has breached the March 2024 Agreement.

34.     By reason of the foregoing, Plaintiff has been damaged and is entitled to recover from Defendant Graniti an amount to be proven at trial but not less than $1,109,277.98, plus interest thereon.

### THIRD CLAIM FOR RELIEF
### (AGAINST DEFENDANT GRANITI VINCENTIA, LLC
### UNDER NYUCC § 2-709 [Action for the Price])

35.     Plaintiff repeats and realleges the allegations in all prior paragraphs as if fully set forth herein.

36.     Plaintiff sold and delivered to Defendant Graniti various goods, including custom-manufactured hospitality furniture, pursuant to the Distributorship Agreement and the parties' course of dealing.

37.     The goods delivered by Plaintiff to Defendant Graniti were identified to the contract and accepted by Defendant Graniti.

38.     Defendant Graniti has failed to pay for the goods delivered and accepted, including (a) the unpaid balance of $1,109,277.98 under the March 2024 Agreement; (b) the unpaid balance of $1,009,525.90 for goods delivered after the execution of the March 2024 Agreement, and (b) any additional amounts that may become due for goods delivered and not paid for during the pendency of this action.

39.     Pursuant to New York Uniform Commercial Code § 2-709, Plaintiff is entitled to recover from Defendant Graniti the price of such goods, together with incidental damages and interest.

40.     By reason of the foregoing, Plaintiff has been damaged and is entitled to judgment against Defendant Graniti in an amount to be proven at trial but not less than $2,118,803.88, plus any amounts that may become due during the pendency of this action, along with interest, costs, and such other relief as the Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
## (AGAINST DEFENDANT KATRAGADDA
## FOR BREACH OF THE MARCH 2024 AGREEMENT)

41.     Plaintiff repeats and realleges the allegations in all prior paragraphs as if fully set forth herein.

42.     The March 2024 Agreement is a valid enforceable contract between Plaintiff and Defendant Katragadda.

43.     Plaintiff has performed all material obligations under the March 2024 Agreement.

44.     Defendant Katragadda has failed to perform its obligation to pay the full amount due Plaintiff under the March 2024 Agreement.

45.     By failing and refusing to pay the full amount due under the March 2024 Agreement, Defendant Katragadda has breached the March 2024 Agreement.

46.     By reason of the foregoing, Plaintiff has been damaged and is entitled to recover from Defendant Katragadda an amount to be proven at trial but not less than $1,109,277.98, plus interest thereon.

## FIFTH CLAIM FOR RELIEF
## (AGAINST DEFENDANT KATRAGADDA
## UNDER THE GUARANTY)

47.     Plaintiff repeats and realleges the allegations in all prior paragraphs as if fully set forth herein.

48.     In the March 2024 Agreement, Graniti acknowledged its obligation to Gibam for Outstanding Debt in the amount of $2,222,387.87.

49.     Defendant Katragadda "personally under[toot] the obligation to guarantee full payment" Graniti's Outstanding Debt.

50.     Pursuant to the terms of the guaranty, Katragadda waived all defenses and rights to "reliev[e] himself from … payment obligations."

51.     Graniti has defaulted on its obligations under the March 2024 Agreement, having failed to make the last six installment payments in the total amount of $1,009,525.90.

52.     By reason of the foregoing,  by the terms of his guaranty, Defendant Katragadda is liable to Plaintiff for the payment Graniti's obligation under the March 2024 Agreement, in an amount to be proven at trial but not less than $1,109,277.98, plus interest thereon.

### SIXTH CLAIM FOR RELIEF
### (AGAINST DEFENDANT GRANITI VINCENTIA, LLC
### FOR ACCOUNT STATED)

53.     Plaintiff repeats and realleges the allegations in all prior paragraphs as if fully set forth herein.

54.     An account was presented to Defendant Graniti, including through invoices and communications from Plaintiff.

55.     Defendant Graniti did not object to Plaintiff's invoices.  Indeed, in the March 2024 Agreement, Defendant Graniti expressly acknowledged the Outstanding Debt.

56.     Defendant Graniti has failed to pay the full Outstanding Debt, having failed to make the last six installment payments in the total amount of  $1,109,277.98.

57.     By reason of the. foregoing, Plaintiff has been damaged and is entitled to recover from Defendant Graniti an amount to be proven at trial but not less than $1,109,277.98, plus interest thereon.

**WHEREFORE**, Plaintiff demands judgment as follows:

A.     ON THE FIRST CLAIM FOR RELIEF, a judgment against Defendant Graniti for compensatory damages in the amount to be proven at trial but not less than $2,118,803.88, plus interest;

B.      ON THE SECOND CLAIM FOR RELIEF, a judgment against Defendant Graniti for compensatory damages in the amount to be proven at trial but not less than $1,109,277.98, plus interest;

C.      ON THE THIRD CLAIM FOR RELIEF, a judgment against Defendant Graniti for compensatory damages in the amount to be proven at trial but not less than $2,118,803.88, plus interest;

D.      ON THE FOURTH CLAIM FOR RELIEF, a judgment against Defendant Katragadda an amount to be proven at trial but not less than $1,109,277.98, plus interest;

E.      ON THE FIFTH CLAIM FOR RELIEF, a judgment against Defendant Katragadda an amount to be proven at trial but not less than $1,109,277.98, plus interest;

F.      ON THE SIXTH CLAIM FOR RELIEF, a judgment against Defendant Graniti for compensatory damages in the amount to be proven at trial but not less than $1,109,277.98, plus interest;

G.      A judgment for attorneys' fees, costs and disbursements of this action against both Defendants pursuant to the terms of the March 2024 Agreement;

H.      Interest as allowed by applicable law; and

I.      Such other and further relief as to this Court deems just and equitable.

Dated: June 17, 2025
New York, New York

RIVKIN LAW GROUP PLLC


By:     */s/ Oleg Rivkin*
        Oleg Rivkin (OR 1331)

        48 Wall Street, Suite 1100
        New York, New York 10005
        Tel: (201) 362-4100
        *or@rivkinlawgroup.com*
        *Attorneys for Plaintiff*
        *Gibam Shops SpA*